UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER M. OSTACK, | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:17-cv-00205-WTL-MJD |
| INDIANA DEPARTMENT OF CORRECTION, PUTNAMVILLE CORRECTIONAL FACILITY, TWO UNKNOWN OFFICERS, | ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I. Filing Fee**

The plaintiff's request to proceed *in forma pauperis* [dkt. 3] is **granted**. The assessment of even a partial filing fee is not feasible at this time based on the reported balance of the plaintiff's inmate trust fund account. Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Standard of Review**

The plaintiff is a prisoner currently incarcerated at Putnamville Correctional Facility ("Putnamville"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant

who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III. Discussion of Claims

Plaintiff Christopher M. Ostack has sued the Indiana Department of Corrections, Putnamville Correctional Facility, and two unknown officers alleging that they failed to protect him from violence at the hands of another inmate. Specifically, Ostack alleges that on March 18, 2017, he was moved to dorm 18 North. Upon arrival, Ostack's assigned cellmate, Edward Hobson AKA Pearl, became progressively more threatening. On March 19, 2017, at approximately 2:30 p.m., Ostack and Hobson both told the officers that they could not bunk together. Ostack told them that he was not safe. The officers refused to give their names and they were not wearing identification. The officers did not move Ostack and around 7:30 p.m. that same day, Ostack was attacked by Hobson. He was beaten with a double lock and severely injured. Ostack states that he seek money damages, transfer, restoration of credit time and an investigation.

## A. Dismissal of Certain Claims

Defendant Indiana Department of Corrections (IDOC) is dismissed for failure to state a claim upon which relief may be granted. Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 102 (1984). In addition, states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983 under the circumstances alleged in Ostack's complaint. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

Similarly, Putnamville is dismissed for failure to state a claim upon which relief may be granted because the facility is not a person subject to suit under 42 U.S.C. § 1983.

Ostack's claim that he was wrongly convicted of battery in a prison disciplinary proceeding based on the circumstances alleged in this action must be dismissed. He acknowledges that the disciplinary proceeding resulted in the deprivation of earned good time. It is for this reason that any claim based on the disciplinary proceedings must be dismissed without prejudice. The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the foregoing rule was "extend[ed] . . . to the decisions of prison disciplinary tribunals." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007).

## B. Claim Which May Proceed

Ostack has adequately alleged a failure to protect claim against the two unknown officers he approached in dorm 18 North, on March 19, 2017, at approximately 2:30 p.m. This claim is

alleges a violation of the Eighth Amendment and is brought pursuant to 42 U.S.C. § 1983. This is the only viable claim identified by the Court. All other claims are dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through June 7, 2017,** in which to identify those claims.

### C. Identities of Defendants

However, service cannot be made on an unknown person. Accordingly, Ostack will be permitted a period of time in which to conduct discovery to learn the identity of the two officers. This shall proceed as follows:

a. The **clerk is directed** to add the Superintendent of Putnamville Correctional Facility in his official capacity only as an interested party on the docket.

b. Process will issue to the Superintendent for the purpose of permitting him to appear in the action and respond to discovery regarding the identity of prison personnel who could be properly named as defendants in this action. The clerk is designated, pursuant to Fed. R. Civ. P. 4(c)(3), to issue and serve process on the Superintendent in the manner specified by Fed. R. Civ. P. 4(d)(1). Process in this case shall consist of the complaint, applicable forms and this Entry.

c. The Superintendent need not answer the allegations of the complaint, but simply needs to appear in the action.

d. Once the Superintendent appears in the action, Ostack shall have 45 calendar days in which to serve discovery on the Superintendent. Any such discovery shall be limited in scope to ascertaining the identity of any person who could actually be liable to the plaintiff for the violation of his federally secured rights he alleges.

e. The plaintiff shall have 90 calendar days after the Superintendent appears in the action in which to file an amended complaint, which will completely replace the original complaint. The amended complaint, if filed, must conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry.

The **clerk is designated** to serve the Indiana Department of Correction employee electronically.

**IT IS SO ORDERED.**

Date: 5/12/17

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER M. OSTACK
196736
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to:

    Superintendent of Putnamville Correctional Facility