UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| CHRISTOPHER M. OSTACK, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | No. 2:17-cv-00205-WTL-MJD |
| O'NEIL, Correctional Officer and HARMON, Correctional Officer | ) | |
| Defendants. | ) | |

**Entry Discussing Defendants' Motion for Summary Judgment**

Plaintiff Christopher M. Ostack ("Mr. Ostack"), an Indiana prisoner incarcerated at the Putnamville Correctional Facility ("Putnamville"), brings this civil rights action alleging that the defendants failed to protect him from assault by another inmate after he alerted them to the threat and asked to be moved.

Presently pending before the Court is the defendants' motion for summary judgment which argues that the plaintiff's claims are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. For the reasons that follow, the defendants' motion for summary judgment, Dkt. No. 33, is **granted**.

**I. Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must

be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490.

## II. Facts

The following statement of material facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Ostack as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

At all times relevant to his claims, Mr. Ostack was incarcerated at Putnamville. Putnamville maintained a grievance policy regarding complaints about prison conditions. The grievance process requires an inmate to attempt to resolve the grievance informally through officials at the facility by contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the inmate is unable to obtain a resolution of the grievance informally, he may submit a formal written complaint to the Grievance Specialist of the facility where the incident occurred. If the formal written complaint is not resolved in a manner that satisfies the inmate, he may submit an appeal within ten working days from the date of receipt of the formal grievance response. If the inmate receives no grievance response within twenty working days of the day he submitted the grievance, he may appeal as though the grievance had been denied.

On March 18, 2017, Mr. Ostack was moved to a new dorm. The inmate housed on the bunk below him, Mr. Hobson, complained about where Mr. Ostack placed his belongings. The next day, Mr. Hobson became more upset when Mr. Ostack sat on Mr. Hobson's bunk in order to access Mr. Ostack's property box. The two inmates asked the defendants to separate them in order to avoid violence. The defendants ordered Mr. Ostack back to his bunk and a few hours later he and Mr. Hobson got into a fight.

Mr. Ostack filed an informal grievance about the defendants' failure to protect him but he never received a response. In a disciplinary hearing, Mr. Ostack was later found guilty of assaulting Mr. Hobson. He wrote a letter to the assistant facility head complaining both about his related disciplinary action and the defendants' failure to protect him. In the letter, he asked what he should do next. The handwritten response states that he should "file an appeal if [he is] not satisfied with the results." Dkt. No. 38-1, Ex. D. He interpreted this to mean that he needed to appeal his disciplinary action. He proceeded through the available appeals in his disciplinary action, but did not file a formal grievance regarding his failure to protect claim against the defendants.

The defendants produced a form signed by Mr. Ostack on December 11, 2015, stating that he received a copy of the inmate handbook and that the grievance process had been explained to him. Dkt. No. 33-2. In response he provided an affidavit attesting that he did not receive an inmate handbook when he was processed at the Plainfield Correctional Facility and he was not informed of the grievance process. Dkt. No. 38-1, Ex. L. He also provided the affidavits of two additional inmates who attest that they did not receive a handbook and were not informed of the grievance process. Dkt. No. 38-1, Exs. M, N.

### III. Discussion

The PLRA, requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). The burden is also on the defendants to establish that the administrative process was available to Mr. Ostack. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those,

grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

Here, it is undisputed that Mr. Ostack filed an informal grievance, received no response, and did not take further action to exhaust the grievance process. Mr. Ostack asserts that he was not informed of the grievance process and thought that the assistant facility head was referring to the disciplinary action when he told Mr. Ostack he should appeal.

Mr. Ostack cannot be expected to exhaust remedies of which he was not aware. *See Ross*, 136 S.Ct. at 1859 (citing *Goebert v. Lee Cty.*, 510 F.3d 1312, 1322 (11th Cir. 2007)). But the defendants have produced evidence that Mr. Ostack signed a form on December 11, 2015, stating that he received an offender handbook and that the grievance process had been explained to him.

Mr. Ostack responds that he might have signed that form, but he did not receive a handbook or training on the grievance process despite what the form says. Dkt. No. 38-1, Ex. L. Taking these statements in Mr. Ostack's affidavit as true, when he signed the form, he had an opportunity to alert prison officials that he had not received training on the grievance process. At the least, he was made aware of the existence of a grievance process which he could inquire about when he felt he needed to avail himself of the process. This is therefore not a situation in which Mr. Ostack had no opportunity to learn the steps of the grievance process. Moreover, Mr. Ostack could have sought clarification or further assistance but there is no available evidence that he did.

To exhaust his administrative remedies, the grievance policy required Mr. Ostack to file a formal grievance when he did not receive a timely response to his informal grievance. There is no dispute that Mr. Ostack did not file a formal grievance. While Mr. Ostack interpreted the assistant facility head's response to his letter to mean that Mr. Ostack only needed to file an appeal in his disciplinary action, that cannot excuse his failure to exhaust the grievance process. The assistant

facility head's statement was an accurate description of how to proceed if an inmate is dissatisfied with either a disciplinary action or a response to a grievance.

The consequence of Mr. Ostack's failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that this action must be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

The defendants have shown that Mr. Ostack failed to avail himself of all administrative remedies before filing this civil action. Therefore, the defendants' motion for summary judgment, Dkt. No. 33, is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/2/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER M. OSTACK
196736
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Robert C. Allega
INDIANA ATTORNEY GENERAL
Robert.Allega@atg.in.gov

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov